UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:21-CR-00156(KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| Gabriel PULLIAM a/k/a "G," Tahjay LOVE, a/k/a "Goon," Zaekwon MCDANIEL, a/k/a "Gap," a/k/a "Yung Gap," Ezra ALVES, a/k/a "EJ," a/k/a "Ezzy," Malik BAYON, a/k/a "Pop," a/k/a "Dirt," D'Andre BURRUS, a/k/a "Dopeman," Justin CABRERA, a/k/a "J.U.," Laderrick JONES, a/k/a "Lexus," Jaivaun MCKNIGHT, a/k/a "Sav," Julian SCOTT, a/k/a "Ju Sav," Dayquain SINISTERRA, a/k/a "Quan," Ahmed ALVES, a/k/a "Stones," James GRAHAM, a/k/a "Little Cuz," & Dimitri BLANDING, | ) ) ) ) ) ) ) ) ) | DECEMBER 6, 2023 |

## MEMORANDUM OF DECISION
## RE: ECF NO. 447 MOTION FOR BILL OF PARTICULARS[1]

Kari A. Dooley, United States District Judge:

The parties' familiarity with the allegations contained in the Indictment and the procedural history of this matter is presumed.

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the Court may direct the Government to file a bill of particulars, or a defendant may move for a bill of particulars within 14 days after arraignment or at a later time if the Court permits. The court first observes that this case was indicted in September 2021, and it is only now, mere weeks before trial, that any defendant has sought a bill of particulars.

A bill of particulars allows a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling the defendant to prepare for trial, to prevent

---

[1] This motion was filed by Defendant McDaniel and joined by Defendants McKnight and Burrus. See ECF Nos. 451 and 453.

surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citing, among others, *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)). While district courts have wide discretion in deciding whether to order the Government to write a bill of particulars, "[c]ourts are only required to grant a bill of particulars 'where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Raniere*, 384 F. Supp. 3d 282, 322 (S.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)). "Th[e] standard turns on 'whether the information sought is necessary, not whether it is helpful,'" and showing necessity requires the defendant to show that he would be prejudiced by being denied a bill of particulars. *See id.* (quoting *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990)) (further citations omitted); *see also United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ("The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial."), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010).

Indeed, "[t]he prosecution need not particularize all of its evidence." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (citing *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974)). "A bill of particulars is not an investigative tool which a defendant can use to force the government to preview its evidence or expose its legal theory." *United States v. Massino*, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985), *rev'd on other grounds*, 784 F.2d 153 (2d Cir. 1986); *see also Gottlieb*, 493 F.2d at 994 ("The government [is] not required to disclose its evidence in advance of trial."). "The court must be cognizant of the fact that a bill of particulars confines the

government's evidence at trial to the particulars furnished." *United States v. DeFabritus*, 605 F. Supp. 1538, 1548 (S.D.N.Y. 1985).

"In exercising [its] discretion, the court must examine the totality of the information available to the defendant—through the indictment, affirmations, and general pre-trial discovery—and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000). "So long as . . . an indictment and discovery sufficiently enable defendants to avoid surprise and prepare for trial, a bill of particulars is not warranted." *United States v. Coffey*, 361 F. Supp. 2d 102, 122 (E.D.N.Y. 2005).

Defendants seek an extraordinary amount of detail regarding the charged RICO Conspiracy, to include, by way of example only, the place where the alleged conspiracy was initially formed and the place or places where each defendant and coconspirators joined the conspiracy; the dates and times when each defendant or coconspirator joined the conspiracy; and the period of time that each remained in the conspiracy.[2] Against the standards set forth above, the Court does not believe the bill of particulars sought is necessary.

The Court is aware that the discovery in this case has been voluminous by any measure. And ordinarily, this would weigh against a bill of particulars. But the Court also recognizes that extremely voluminous discovery can also weigh in favor of a bill of particulars as a mechanism for cutting through the materials. However, discovery in this case has occurred over many months and has been managed and facilitated through the valuable assistance of a Discovery Coordinator. And the Indictment itself provides significant detail as to the nature of the alleged RICO Conspiracy, its members, its motives, and its activities, to include specific, though not exclusive,

---

[2] These requests are only three of eight detailed requests for additional information.

events alleged to have occurred in furtherance of the conspiracy. That said, the conspiracy is alleged to have come into existence in 2008 and to continue through the date of Indictment. As these defendants point out, they were juveniles when the conspiracy allegedly came to exist in 2008. On this basis, the Court is asked to require the Government to identify the approximate date by which the defendants joined the conspiracy. The Court is not persuaded however, that this detail is necessary to avoid surprise or to otherwise allow the defendants to meet the allegations against them. The discovery as it relates to the individual defendants relates to specific events at specific times, from which a defendant's membership in the conspiracy might (or might not) be inferred. Identifying a "start date" would necessarily be an elusive undertaking given the secretive nature of criminal conspiracies, and would not, at the end of the day, be a factual determination on which the jury's verdict would turn. The jury will be charged that the Government must prove the existence of the conspiracy and that the defendant, knowing of the conspiracy's objectives, knowingly joined the conspiracy for some period of time. The jury will be explicitly charged that the Government does not have to prove with precision the start and/or end dates of the charged conspiracy, or the specific date that a defendant may have joined the conspiracy.

Further, and of some significance, the Government has recently disclosed the entirety of its grand jury presentation, providing, in the Government's words, a road map to the anticipated trial. The motion for bill of particulars is therefore DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of December 2023.

                                         */s/ Kari A. Dooley*
                                         KARI A. DOOLEY
                                         UNITED STATES DISTRICT JUDGE